FILED

2009 Jul-30  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

SHANNA S. MARINO,

      Plaintiff,

v.                                                          CASE NO.: CV-09-J-1121-NW

COMPASS BROKERAGE, INC.,
et al.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court is defendants' amended partial motion to dismiss and motion for more definite statement (doc. 10), plaintiff's response (doc. 14), and defendants' reply (doc. 39).  Since the defendants filed their motion, the plaintiff has filed an amended complaint (doc. 13).  The court therefore considers the defendants' contentions as they relate to the plaintiff's amended complaint.   Having considered the foregoing, the court finds as follows:

The plaintiff filed suit for alleged violations by the defendants of the plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, as amended and § 504 of the Rehabilitation Action of 1997, 29 U.S.C. § 294, (Count I); alleged violations by the defendants of the plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, (Count II); retaliation under the Family and Medical Leave Act ("FMLA") (Count III); state law defamation (Count IV);

invasion of privacy (Count V); state law negligent and/or wanton hiring, training, supervision and retention (Count VI); state law intentional interference with business relationship (Count VII); state law tort of outrage (Count VIII); and state law conversion (Count IX).

Although the plaintiff states facts separately for each Count of the complaint, the court finds relevant to each of the plaintiff's claims is that they arise out of plaintiff's employment as a stock broker with defendant Compass Brokerage, Inc., and Compass Bank ("the Compass defendants"). Amended complaint, ¶¶ 13, 30. The plaintiff began work for these defendants on September 4, 2002, and remained so employed until she was terminated on February 8, 2008. Amended complaint, ¶ 29. Beginning in February 2007 the plaintiff developed back problems stemming from arthritis and deteriorating discs. Amended complaint, ¶ 31. These conditions caused pain and impaired plaintiff's ability to walk, sit, bend, twist, lift and reach. *Id.*

The plaintiff asserts that although she had accrued vacation leave and sick leave, the Compass defendants would not allow her to use her accrued vacation and sick leave prior to her taking unpaid leave under the FMLA. Amended complaint, ¶ 33. Rather, the plaintiff alleges that the Compass defendants required the plaintiff to take paid leave concurrently with leave under the FMLA. *Id.* Thus, the plaintiff asserts, she did not have FMLA leave available when she required back surgery in March 2008. Amended complaint, ¶¶ 34-36. The plaintiff also claims that she could

2

have been accommodated by being allowed to work from home, as she had done in the past.  Amended complaint, ¶ 35.  The plaintiff states that, knowing she was scheduled for surgery, the Compass defendants and individual defendants terminated her employment.  Amended complaint, ¶ 37.  She alleges that the defendants retaliated against her for exercising her rights under the FMLA.  Amended complaint, ¶ 43.  The plaintiff also asserts that the defendants denied her accommodations so she could perform her job and retaliated against her for seeking those accommodations. Amended complaint, ¶ 15.

The amended complaint also sets forth a variety of state law claims based on plaintiff's termination.  The plaintiff claims that the defendants made the false and defamatory statement that the plaintiff was terminated for "performance related issues as regards attendance policy and production goals." Amended Complaint, ¶ 1, Count IV and Count V.[1]  The plaintiff asserts that the defendants exposed the plaintiff to unwarranted publicity by publishing such a false and defamatory statement, in violation of the plaintiff's right of privacy.  Amended Complaint, ¶ 1, Count V.  The plaintiff further asserts that the defendant had a duty to provide her with a work environment which was not hostile and which was free from retaliation.  Amended Complaint, ¶ 2, Count VI.  However, the Compass defendants failed to establish an

---

[1]On page 16, where plaintiff's amended complaint begins detailing her state law claims, numbers the paragraphs beginning again with "1."  Thus, the court's discussion of the plaintiff's allegations of fact in support of her state law claims cite to these reused paragraph numbers, followed by the Count of the amended complaint

adequate policy against harassment, discrimination and retaliation. *Id*., ¶ 5, Count VI. The plaintiff asserts this failure was negligent and/or wanton. *Id*.

The plaintiff additionally asserts that the Compass defendants wanted the plaintiff to bring her investment clients to Compass when they persuaded her to work for Compass, and that the plaintiff did so. Amended complaint, ¶¶ 2-5, Count VII. The plaintiff alleges that, since July 2007, the defendants have unjustifiably and intentionally interfered with the plaintiff's relationship with her clients, culminating in the misappropriation of these clients when she was terminated in February 2008. Amended complaint, ¶¶ 7-8, Count VII. These basic facts also form the basis for the plaintiff's claims of outrage and conversion. See amended complaint, Counts VIII-IX.

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp*., 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Jackson v. Okaloosa County, Fla*., 21 F.3d 1531, 1534 (11th

Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").  All that is necessary under Rule 8(a)(2), Fed. R.Civ.Pro., is "'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, — , 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level.*" Scarbrough v. Astrue,* 2009 WL 1068231, 2 (11th Cir.2009); citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, — , 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  See also *Redland Co., Inc. v. Bank of America Corp.*, 568 F.3d 1232, 1234 (11th Cir.2009)("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.") (quoting *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir.2008)).

With these standards in mind, the court considers each of the plaintiff's claims and the defendants' amended motion.

> *1. Americans with Disability Act (ADA) Claim*:

>> a. Claims against Individual Defendants

5

The defendants assert that this claim must be dismissed as to defendants Forest Hampton Suber, IV, Joe Marsh and Cheryl A. Ritchey, as individual co-employees are not subject to suit under the ADA.  Defendants' amended motion, at 4.  The plaintiff failed to address this argument in his response to the defendants' amended motion to dismiss.

Having considered the relevant law, the argument of the defendants, and the amended complaint, and being of the opinion that, to the extent the amended complaint states a claim under the ADA against the individual defendants, such claim is due to be dismissed;

The court shall Order the defendant's amended motion is granted to the extent that any claim under the ADA against the individual defendants shall be dismissed with prejudice.

### b.  Claims against Compass Brokerage

The defendants assert that the plaintiff cannot maintain her ADA claim against any defendant other than Compass Bank.  Defendants' amended motion, at 4.  The plaintiff responds that defendant Compass Brokerage, Inc., was named in her EEOC Intake Questionnaire, and that it is so closely related to Compass Bank, that Compass Brokerage, Inc., had adequate notice.  Plaintiff's response, at 4.  Although no party to this litigation has submitted anything which could clarify the relationship between Compass Bank and Compass Brokerage, Inc., by affidavit defendant Suber states the

plaintiff was employed by Compass Bank and Compass Brokerage, Inc.  Affidavit of Forest Suber, submitted as Exhibit A to defendants' motion to dismiss (doc. 6).  Thus, the defendants assert that the plaintiff was employed by both entities, and the plaintiff provided the court with documentation that she did inform the EEOC that she intended to proceed against both entities.  *See e.g.,* exhibit A to amended complaint (doc. 13); and exhibit 1 to exhibit A to plaintiff's response (doc. 14).

Having considered the foregoing, and finding that the plaintiff may proceed against Compass Bank and Compass Brokerage, Inc., as joint employers, the court is of the opinion that the defendants' amended motion to dismiss on this ground is due to be denied.

The court shall Order that the amended motion is denied**,** without prejudice, to the extent it seeks to dismiss plaintiff's ADA claim against defendant Compass Brokerage, Inc.

2. *Family and Medical Leave Act (FMLA)– Interference Claim:*

The defendants assert that, pursuant to 29 C.F.R. § 825.207(a), an employer may require an employee to use accrued paid leave rather than FMLA unpaid leave.  Defendants' amended motion, at 5.  Based on this, the defendants argue that this Count of the amended complaint should be dismissed for failure to state a claim upon which relief may be granted.  The plaintiff responds that an EEOC guidance letter dated January 23, 2004, states that a reasonable accommodation under the ADA could

consist of having paid leave run consecutively with FMLA leave, rather than concurrently.  Plaintiff's response, at 5.

Because the facts of this case arose prior to January 15, 2009, the court has considered the Code of Federal Regulations as it read during the time relevant to the facts in the complaint.[2]  In applicable part, it stated as follows:

> (e) Paid vacation or personal leave, including leave earned or accrued under plans allowing "paid time off," may be substituted, at either the employee's or the employer's option, for any qualified FMLA leave. No limitations may be placed by the employer on substitution of paid vacation or personal leave for these purposes.
>
> (f) If neither the employee nor the employer elects to substitute paid leave for unpaid FMLA leave under the above conditions and circumstances, the employee will remain entitled to all the paid leave which is earned or accrued under the terms of the employer's plan.
>
> (g) If an employee uses paid leave under circumstances which do not qualify as FMLA leave, the leave will not count against the 12 weeks of FMLA leave to which the employee is entitled. For example, paid sick leave used for a medical condition which is not a serious health condition does not count against the 12 weeks of FMLA leave entitlement.

29 C.F.R. § 825.207 (effective to January 15, 2009).

The court finds, based on the above-cited section of the Code of Federal Regulations, the defendants did not violate the FMLA in requiring the plaintiff to take her accrued sick leave concurrently with FMLA leave. *See e.g., Slentz v. City of*

---

[2]This section was revised.  The current version had an effective date of January 15, 2009.

8

*Republic, Mo.*, 448 F.3d 1008, 1010 (8ᵗʰ Cir.2008) (citing *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1205 (11ᵗʰ Cir.2001)) ("An employer may permit an employee to use FMLA leave and sick leave sequentially or may require that the two run concurrently").  "Under the FMLA, twelve weeks of leave is both the minimum the employer must provide and the maximum that the statute requires." *Slentz*, 448 F.3d at 1010.  The election to substitute unpaid FMLA leave for paid leave does not entitle an individual to additional leave. *Bloom v. Metro Heath Group of St. Louis, Inc.*, 440 F.3d 1025,  1031 (8ᵗʰ Cir.2006).  See also *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1127 (9ᵗʰ Cir.2001) (FMLA and regulations provide employers choices in how to comply with the statute, including requiring employees to use accrued paid leave time for FMLA purposes).

However, as demonstrated by the guidance letter submitted by the plaintiff, if the defendants allowed other employees to take sick leave consecutively to FMLA leave, then the facts before the court could state a cause of action under the ADA. The EEOC Guidance on Reasonable Accommodations makes clear that the guidance letter means as follows:

> Under the FMLA, an eligible employee is entitled to a maximum of 12 weeks of leave per 12 month period. The FMLA guarantees the right of the employee to return to the same position or to an equivalent one. An employer must allow the individual to use any accrued paid leave first, but if that is insufficient to cover the entire period, then the employer should grant unpaid leave. The FMLA requires an employer to continue

the employee's health insurance coverage during the leave period, provided the employee pays his/her share of the premiums.

> Example A: An employee with an ADA disability needs 13 weeks of leave for treatment related to the disability. The employee is eligible under the FMLA for 12 weeks of leave (the maximum available), so this period of leave constitutes both FMLA leave and a reasonable accommodation. Under the FMLA, the employer could deny the employee the thirteenth week of leave. But, because the employee is also covered under the ADA, the employer cannot deny the request for the thirteenth week of leave unless it can show undue hardship. The employer may consider the impact on its operations caused by the initial 12-week absence, along with other undue hardship factors.

See http://eeoc.gov/policy/docs/accommodation.html#leave

Thus, while the plaintiff may have a cause of action under the ADA for failure to provide a reasonable accommodation, namely unpaid leave, the facts as set forth in the complaint do not state a cause of action for an interference claim under the FMLA.

The court therefore being of the opinion that the defendants' amended motion is due to be granted with regard to Count II of the plaintiff's amended complaint;

The court shall Order that the defendants' amended motion is granted to the extent that Count II of the plaintiff's complaint is dismissed without prejudice.

3. *Family and Medical Leave Act (FMLA)– Counts II and III:*

The defendant asserts that the plaintiff cannot pursue Counts II and III of her complaint against any entity other than her employers.  As the court finds this aspect of the defendants' amended motion was rendered moot by the plaintiff's amended complaint;

The court shall find that the defendants' amended motion is moot to the extent it seeks dismissal of Counts II and III against all entities other than plaintiff's employers.

4. *Defamation and Invasion of Privacy – Counts IV and V:*

The defendants assert that the plaintiff's complaint fails to allege any specific incident to satisfy the publication component of these two claims.  The plaintiff fails to respond to this portion of the defendants' amended motion.

Having considered the foregoing, and being of the opinion the defendants' amended motion for more definite statement is due to be granted as to these claims of plaintiff's amended complaint;

The court shall Order that said motion is granted to the extent that the plaintiff shall re-plead the factual basis for her claims in Counts IV and V of her amended complaint, within fourteen (14) days of today's date.

4. *Negligent and/or Wanton Hiring, Supervision and Retention – Count VI*

The defendants argue that the plaintiff has failed to plead Count VI in a manner that states a claim, namely the plaintiff did not specify any wrongful act committed in the line and scope of any employee's employment.

The plaintiff fails to respond to this portion of the defendants' amended motion.  Other federal courts have declared that a motion to dismiss may be properly granted under these circumstances without reaching the merits, based on the theory that  plaintiff's failure to respond operates as a concession that the motion should be granted.  See e.g., *Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 145 (1st  Cir.2004) (citing authority for proposition that court may treat failure to respond to motion to dismiss as procedural default where court had ordered response, unless granting motion would offend equity or conflict with federal rules); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3rd  Cir.1991) (explaining that if a party represented by counsel fails to respond to a motion to dismiss, district court may treat motion as unopposed and subject to dismissal without merits analysis).

"The court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her." *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir.1990); *see also Lyes v. City of Riviera Beach, Fla*., 126 F.3d 1380, 1388 (11th Cir.1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar*

*Corp.*, 43 F.3d 587, 599 (11ᵗʰ Cir.1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it"); *Richardson v. Honda Mfg. of Ala., LLC*, 2009 WL 2171113 n.7 (N.D.Ala.2009).

In light of the plaintiff's failure to respond to the defendants' amended motion to dismiss as it concerns Count VI, the court is of the opinion that the defendants' amended motion is due to be granted with regard to Count VI of the amended complaint.

The court shall Order that the defendants' amended motion to dismiss is granted as to Count VI of the plaintiff's amended complaint and Count VI will be dismissed without prejudice**.**

*5. Intentional Interference with Business Relationship (Count VII):*

The defendant asserts that the plaintiff's factual allegations simply do not state a claim for intentional interference with business relationship.  In her complaint, the plaintiff alleges that the defendant interfered with her relationships with clients she brought with her when she went to work for defendants.  In other words, the plaintiff alleges the defendants, Compass entities, interfered with clients of Compass.  The plaintiff has failed to respond to this portion of the defendants' amended motion.

Under Alabama law, the plaintiff must establish that the defendant is a "third party" to the contract with which the defendant allegedly interfered,  because "a party to a contract cannot, as a matter of law, be liable for tortious interference with the

contract." *Waddell & Reed, Inc., v. United Investors Life Ins. Co.*, 875 So.2d 1143, 1153 (Ala. 2003) (citing *Lolley v. Howell*, 504 So.2d 253, 255 (Ala.1987).  Taking the allegations of the amended complaint as true, that the plaintiff brought the clients in question with her when she became an employee of the Compass defendants, the clients in question thus became clients of Compass.[3]  Defendant cannot interfere with its own clients.

In light of the foregoing, and the plaintiff's complete failure to respond to the defendants' amended motion to dismiss as it concerns Count VII , the court is of the opinion that the defendants' amended motion is due to be granted with regard to Count VII of the amended complaint;

The court shall Order the defendants' amended motion to dismiss is granted as to Count VII of the plaintiff's amended complaint, and that claim will be dismissed with prejudice.

6.  *Outrage – Count VIII*

The defendants assert that the plaintiff's claims, even if accepted as true, do not state an actionable claim for outrage under Alabama law.  Defendants' amended motion at 11.  Under Alabama law:

> ... a jury question exists in only three types of cases: (1) those involving wrongful conduct with regard to family burials; (2) those involving

---

[3]The plaintiff does not allege that she had any business relationship with these clients outside of her employment as a stock broker for the Compass defendants.

barbaric methods employed to coerce an insurance settlement; and (3) those involving egregious sexual harassment. *See, e.g., Potts v. Hayes*, 771 So.2d 462, 465 (Ala.2000) (nurse failed to establish jury question on outrage claim against her employer and former supervisor despite having suffered emotional and physical distress when accused publicly of being a drug addict, thief and danger to the public); *Carter v. Innisfree Hotel, Inc.*, 661 So.2d 1174 (Ala.1995) (affirming summary judgment on outrage claim where plaintiffs alleged that a "peeping tom" watched them through scratches in their hotel room's bathroom mirror).

*Hardesty v. CPRM Corp.*, 391 F.Supp.2d 1067, 1073 (M.D.Ala.2005).

Because the amended complaint contains no allegations within the categories of outrageous behavior identified by the Alabama Supreme Court and otherwise fall far short of the kind of reprehensible situation for which Alabama provides relief under the tort of outrage, the court is of the opinion that the defendants' amended motion is due to be granted as to the claim of outrage.

The court shall Order that the amended motion to dismiss is granted as to Count VIII of the plaintiff's amended complaint, and that claim will be dismissed with prejudice.

7. *Conversion – Count IX*

The defendants assert that the facts asserted by the plaintiff, even if accepted as true, do not state an actionable claim for conversion under Alabama law because the plaintiff fails to allege that the defendants committed a wrongful taking of her personal property. Defendants' amended motion at 13. The plaintiff has wholly failed to respond to this portion of the defendants' amended motion.

15

In her amended complaint, the plaintiff alleges

From July 2007 to the present Compass Brokerage; Compass Bank; and, Suber, Marsh, and Ritchey have wrongfully, unjustifiably, egregiously, and intentionally deprived Marino of and continue to wrongfully, unjustifiably, egregiously, and intentionally deprive Marino of income she would have derived from her business relationship with her investment clients.
...
From July 2007 to the present Compass Brokerage; Compass Bank; and, Suber, Marsh, and Ritchey have wrongfully, unjustifiably, egregiously, and intentionally taken over and misappropriated Marino's investment clients.

Amended complaint, Count IX, ¶¶ 3, 6.

To establish conversion, one must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property. *Covington v. Exxon Co., U.S.A.*, 551 So.2d 935 (Ala.1989); *Gillis v. Benefit Trust Life Ins. Co.*, 601 So.2d 951 (Ala.1992); *Gray v. Liberty National Life Ins. Co.*, 623 So.2d 1156 (Ala.1993). In order to prove a prima facie case of conversion, a plaintiff must show that he has a general or special title to the property or the immediate right to possession of the property. *Gardner v. State Farm Mut. Auto. Ins. Co.,* 842 So.2d 1, 7 (Ala.Civ.App. 2002) (citing *Lapeyrouse Grain Corp. v. Tallant*, 439 So.2d 105, 108 n. 1 (Ala.1983)). To sustain an allegation of conversion the plaintiff must be able to show legal title and immediate right of possession. *Gardner*, 842 So.2d at 7-8 (citing *Thompson v. Ford Motor Credit Co.*, 550 F.2d 256 (5th Cir.1977)).

16

The plaintiff's allegations in her amended complaint fall far short of these legal requirements.  Even assuming that the plaintiff had alleged that defendants converted her client *lists* rather than the clients themselves, the plaintiff has not alleged that she had some sort of title to such lists, to the exclusion of her employers.

Having considered the foregoing, and being of the opinion that the defendants' amended motion to dismiss is due to be granted as to Count IX of the plaintiff's amended complaint;

The court shall Order that said amended motion is granted as to Count IX of the amended complaint and this claim will be dismissed without prejudice.

**DONE** and **ORDERED** this the 30th day of July, 2009.

_____
                    INGE PRYTZ JOHNSON
                    U.S. DISTRICT JUDGE

17